| | | |
|---|---|---|
| **PHILLIP SWAN** | * | **IN THE** |
| Plaintiff, | * | **CIRCUIT COURT** |
| v. | * | **FOR** |
| **C. TAYLOR PICKETT,** *et al.* | * | **BALTIMORE CITY, MARYLAND** |
| Defendants. | * | Case No. 24-C-19-000573 |
| | * | (Consolidated with No. 24-C-19-000972) |

\* \* \* \* \* \* \* \* \* \* \* \*

## [~~PROPOSED~~] ORDER AND FINAL JUDGMENT

This matter came before the Court for hearing pursuant to the Court's Preliminary Approval Order dated April 28, 2024 (the "Preliminary Approval Order"), on the application of the parties for final approval of the settlement. set forth in the Stipulation of Settlement dated February 22, 2024 ("Stipulation"). Due and adequate notice having been given to Current Omega Shareholders as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. Except as otherwise stated, capitalized terms used herein have the meanings defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the above-captioned matter, and over the Parties in the above-captioned matter.

3. Notice of the Settlement was given in accordance with the Preliminary Approval Order. Such notice was reasonable, constituted the best notice practicable under the circumstances, and complied with each of the requirements of due process under the United States

Constitution, and any other applicable laws. It is further determined that full opportunity to be heard has been offered to all parties and persons in interest, and that the Company, the Individual Defendants, Plaintiffs, and all of the Company's shareholders are bound by this Order and Final Judgment.

4.  The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Parties, Omega, and Current Omega Shareholders, and hereby directs the Parties to perform the terms of the Settlement as set forth in the Stipulation.

5.  The Maryland State Action is hereby dismissed with prejudice and without costs, except as otherwise provided herein.

6.  Upon the Effective Date, *(1)* each of the Plaintiffs' Releasing Persons shall be deemed to, and by operation of the Judgment shall: *(a)* have fully, finally, and forever released, relinquished, and discharged the Plaintiffs' Released Claims against the Plaintiffs' Released Persons; *(b)* have covenanted not to sue any Plaintiffs' Released Person with respect to any Plaintiffs' Released Claims; and *(c)* be permanently barred and enjoined from instituting, commencing or prosecuting the Plaintiffs' Released Claims against the Plaintiffs' Released Persons; and *(2)* each of the Defendants' Releasing Persons shall be deemed to, and by operation of the Judgment shall: *(a)* have fully, finally, and forever released, relinquished and discharged each and all of Defendants' Released Persons from Defendants' Released Claims; *(b)* have covenanted not to sue Defendants' Released Persons with respect to any of Defendants' Released Claims; and *(c)* be permanently barred and enjoined from instituting, commencing or prosecuting Defendants' Released Claims against Defendants' Released Persons.

7.      The releases set forth herein and in the Stipulation extend to Unknown Claims (as defined in the Stipulation). All Releasing Persons are deemed to have relinquished, to the extent applicable and to the fullest extent permitted by law, the provisions, rights and benefits of Section 1542 of the California Civil Code; and the Releasing Persons are deemed to have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, federal law or principle of common law, which is similar, comparable or equivalent to California Civil Code Section 1542.

8.      Notwithstanding any other provision of this Order and Final Judgment to the contrary, nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of the Stipulation. In addition, nothing herein or in the Stipulation constitutes or reflects a waiver or release of any rights or claims of Defendants against their insurers, or their insurers' subsidiaries, predecessors, successors, assigns, affiliates, or representatives, including, but not limited to, any rights or claims by the Defendants under any directors' and officers' liability insurance or other applicable insurance coverage maintained by Omega.

9.      The Court hereby approves the application of Plaintiffs and Plaintiffs' Counsel for an award of attorneys' fees and expenses and directs payment of the Fee and Expense Amount in accordance with the terms of the Stipulation.

10.     The Court hereby approves the application of Plaintiffs and Plaintiffs' Counsel for a Service Award, to be paid to Plaintiffs from the Fee and Expense Amount, in recognition of the substantial benefits they helped to create for all Current Omega Shareholders.

11.     At all times during the course of the litigation, each of the Parties and their respective counsel has complied with the requirements of the applicable laws and rules of the Court, including, without limitation, all laws and/or rules governing professional conduct.

12. Neither the Stipulation nor the Settlement contained therein, nor any term or provision contained in the Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the negotiations or proceedings connected with the Stipulation or Settlement (including this Judgment or any other orders or judgments entered in connection with the Stipulation or Settlement), is nor shall be construed as nor deemed to be a presumption, a concession, or admission by any of the Parties of any fault, liability, or wrongdoing as to any facts, claims, or defenses that have been or might have been alleged or asserted in the Settling Actions or with respect to any of the claims settled in the Maryland Federal Action, or any other action or proceeding, and shall not be interpreted, construed, deemed, invoked, offered, or received in evidence or otherwise used by any Person in the Settling Actions, the Maryland Federal Action, or in any other action or proceeding, except for any litigation or judicial proceeding arising out of or relating to this Stipulation or the Settlement whether civil, criminal, or administrative, for any purpose other than as provided expressly therein.

13. The Released Persons may file the Stipulation and/or this Judgment, and file or reference acts performed or documents executed pursuant to or in furtherance of the Stipulation and/or this Judgment: (i) in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata,* collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; (ii) in furtherance of the Settlement contemplated in the Stipulation; and (iii) in any action to enforce the Settlement.

14. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction with respect to implementation and enforcement of the terms of the Stipulation. If for any reason the Effective Date of the Stipulation does not occur, or if the

Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its terms: (i) all Parties and Released Persons shall be restored to their respective positions in the Settling Actions as of the date of the execution of this Stipulation; (ii) all releases delivered in connection with the Stipulation shall be null and void, except as otherwise provided for in the Stipulation; (iii) any portion of the Fee and Expense Amount that has been paid to Plaintiffs' Counsel shall be refunded and returned within fifteen (15) business days, as provided in paragraph VI.4.3 of the Stipulation; and (iv) all negotiations, proceedings, documents prepared, and statements made in connection with the Stipulation or Settlement (including the Preliminary Approval Order or any other orders or judgments entered in connection with the Stipulation or Settlement) shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by a Party of any act, matter, or proposition, and shall not be used in any manner for any purpose in the Settling Actions or in any other action or proceeding. In such event, the terms and provisions of the Stipulation shall have no further force and effect with respect to the Parties and shall not be used in the Settling Actions or in any other proceeding for any purpose.

15. This Court hereby finally approves the Stipulation and Settlement in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

16. The effectiveness of this Judgment and the obligations of the Parties under the Stipulation and the Settlement shall not be conditioned upon or subject to the resolution of any appeal from this Judgment that relates to the Fee and Expense Amount or Service Award.

17. This Clerk is hereby directed to enter and docket this Order and Final Judgment.

**IT IS SO ORDERED.**         05/21/2024 2:41:14 PM

Dated: 05/21/2024         _____
                                    JUDGE LAWRENCE P. FLETCHER-HILL